## LEON POWELL, (alias LEON POWERS) v. THE STATE.

### No. 6051.   Decided January 12, 1921.

**Theft of Cow—Evidence—Hearsay—Theory of Defense.**

Where, upon trial of theft of a cow, the defendant based his defense upon the theory that he had a right to sell the animal, etc., it was reversible error to admit testimony, in the absence of the defendant, that the alleged owner claimed the animal from the purchaser, and which was in direct conflict with defendant's theory of defense.

Appeal from the District Court of Nacogdoches.   Tried below before the Honorable L. D. Guinn.

Appeal from a conviction of theft of cow; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Conviction is for the theft of a cow. Laura Powers, the grandmother of appellant, was the owner of the cow, which was in her pasture.

The appellant, a negro youth, was a member of his grandmother's family, and made that his home, though from time to time he went away to work. While at home he made himself useful around the place, looking after the affairs of his grandmother. While she was on a visit lasting about a week, he sold the cow to a man by the name of Smith. His defensive theory was that he had permission to sell the cow; that he had sold another animal with the permission of his grandmother, and that in making the present sale he acted upon the belief that it was within his authority. These issues were fairly submitted to the jury.

In the development of the case, however, the State, over his objection, was permitted to prove that, on the return of the owner, she did not demand pay for the cow but demanded the animal. This was in the absence of the appellant and occurred in a conversation with the purchaser and was testified to by him. Its admissibility was challenged on the ground that it was hearsay and we regard this as well taken. The fact that the appellant based his defense upon the theory that he had a right to sell the animal, or believed that he had such right, did not render admissible the declaration of the owner to the contrary. The proof that she claimed the animal from the purchaser and did not claim the purchase money therefor was in direct conflict with the appellant's defensive theory, and its effect could not have been other than prejudicial to him. The judgment is reversed and the cause remanded.

*Reversed and remanded.*